**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Harold Ivan BOOKER, Defendant–
Appellant.**

**No. 89–50269.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 1991 *.

Decided Dec. 11, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Deborah Lewis, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Mark Hardiman, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before FARRIS, PREGERSON and THOMPSON, Circuit Judges.

PER CURIAM:

Harold Ivan Booker ("Booker") appeals his conviction for possession of unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). Booker contends that the district court erred (1) in denying his motion to suppress evidence allegedly obtained in violation of the "knock-and-announce" statute, and (2) in denying his motion to exclude a transcript of a tape recorded telephone conversation between Booker and a federal agent. We affirm.

## I

On November 17, 1988, Booker met with an undercover agent of the U.S. Secret Service. Booker described in detail how he used stolen Bank of America microfilm to make illegal purchases. The next day, the agent called Booker at his home and tape recorded their conversation.

On December 2, 1988, at his apartment, Booker showed the agent Bank of America microfilm containing credit card account information. Later that day, at approximately 6:00 p.m., the agent called Booker. At approximately 6:30 p.m., other agents from the same office executed a search warrant at Booker's apartment.

The agents knocked loudly on the door and stated their purpose. After five to ten seconds, the agents became concerned that the microfilm was being destroyed, so they kicked in the door. The search uncovered Bank of America statements for VISA credit card customers, one microfilm strip, and Bank of America microfilm.

On the morning of the first day of trial, Booker moved to suppress the evidence found during the search of his apartment. He claimed that the agents violated the "knock-notice" statute, 18 U.S.C. § 3109.[1] The district court denied the motion as untimely.[2]

Booker renewed the motion at the close of the government's case-in-chief. He argued that the renewed motion was proper given conflicts in evidence about the search. The district court found no inconsistencies. Nevertheless, the court entertained Booker's argument that the agents violated the "knock-notice" statute by arranging for Booker to be on the telephone when the search warrant was executed. For purposes of the motion, the district court found that Booker was not on the telephone at the time of or immediately preceding the knock. Accordingly, the

---

1. 18 U.S.C. § 3109 provides:
   The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

2. Motions to suppress evidence must be raised prior to trial. Fed.R.Crim.P. 12(b)(3).

court denied the motion on the basis of exigent circumstances.

Booker also moved to exclude a government-prepared transcript of a taped telephone conversation between Booker and the federal agent. Defense counsel objected because they had received the transcript only that morning and had not been able to review it for accuracy. The district court denied the motion.

Booker was convicted of the offense charged. We have jurisdiction under 18 U.S.C. § 1291.

## II.

Under Fed.R.Crim.P. 12(b)(3), motions to suppress evidence must be made before trial. Failure to make a timely motion "shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver." Fed.R.Crim.P. 12(f).

A district court's decision to decline to hear an untimely suppression motion is reviewed for abuse of discretion. *United States v. Vasquez*, 858 F.2d 1387, 1389 (9th Cir.1988), *cert. denied*, 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 978 (1989). In the present case, the district court declined to hear Booker's first untimely motion to suppress because his attorney's explanation of why she did not question her client about the circumstances of the search was "indefensible." The district court did not abuse its discretion in reaching this conclusion.

The motion to suppress was renewed during trial. Although the district court found no inconsistencies in the evidence to justify reconsideration, the court listened to the defendant's argument on the merits and, without hearing from the government, denied the motion.

In *United States v. Vasquez*, 858 F.2d at 1389, we held that when the district court considers and resolves an untimely suppression motion on the merits, we may review that decision on appeal. The rationale for permitting review is that "[w]hen a court rules on the merits of an untimely suppression motion, it implicitly concludes that there is adequate cause to grant relief from a waiver of the right to seek suppression." *Id.*

In reviewing the denial of a motion to suppress on its merits, we review the district court's findings of historical facts for clear error, and its application of the appropriate legal standards de novo. *United States v. Ramos*, 923 F.2d 1346, 1355 (9th Cir.1991). Booker concedes that a proper knock and announcement was made in this case, but he argues that no exigent circumstances existed to justify the forcible entry. *See United States v. McConney*, 728 F.2d 1195, 1206 (9th Cir. 1984) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Booker's counsel argued that exigent circumstances could not exist because federal agents were keeping Booker on the phone during the knock and announcement.

The district court found that "for the purposes of this motion on this state of the record ... the defendant was not on the phone at the time immediately preceding the knock." This finding of historical fact was not clearly erroneous. There was testimony that voices were heard inside, indicating that a conversation was going on between at least two individuals. Given this factual finding, the motion to suppress was properly denied.

## III.

Booker also contends that the jury should not have been allowed to use a government-prepared transcript of his tape recorded telephone conversation with the agent. Use of transcripts as an aid in listening to tape recordings is reviewed for abuse of discretion. See *United States v. Turner*, 528 F.2d 143, 162 (9th Cir.1975), *cert. denied*, 423 U.S. 996, 96 S.Ct. 426, 46 L.Ed.2d 371 (1976).

This Court has held that government-prepared transcripts may be used by the jury to follow tape recordings where certain factors are present: the district judge reviews the transcript for accuracy, the agent who participated in the taped conversation testifies to the accuracy of the transcript, and the district judge gives the jury a limiting instruction. *See Turner*, 528 F.2d at 167–68; *United States v. Rinn*, 586 F.2d 113, 118 (9th Cir.1978), *cert. denied*,

441 U.S. 931, 99 S.Ct. 2051, 60 L.Ed.2d 659 (1979); *United States v. Phillips*, 577 F.2d 495, 501 (9th Cir.), *cert. denied*, 439 U.S. 831, 99 S.Ct. 107, 58 L.Ed.2d 125 (1978); *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 824 (9th Cir.1985).

In the present case, jurors were not permitted to look at the transcripts before the tape was played, and the transcripts were not admitted into evidence. In addition, the district court cautioned the jury that only the recordings were evidence, and that if there was a discrepancy between the tape and the transcript, the tape governed. Although the district judge did not review the transcript, the agent who participated in the conversation with Booker and who prepared the transcript testified to its accuracy. Further, the judge gave the jury a limiting instruction. Thus, the district court did not abuse its discretion in allowing the jury to use the transcripts in the manner it did.

Moreover, the fact that the transcripts were not available until the day they were to be used does not constitute grounds for reversal. Defense counsel was aware of the existence of the tapes approximately one month before trial and had ample opportunity to review them and to make her own transcripts.

The judgment is AFFIRMED.