967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo Alfonso SALAZAR, Defendant-Appellant.
 No. 89-50328.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1992.*
Decided June 4, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guillermo Alfonso Salazar appeals his conviction, following a jury trial, for conspiracy and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Salazar contends that his conviction should be reversed because evidence was improperly admitted against him and he was denied the effective assistance of counsel. We affirm.
 
 
 3
 The failure to move for a timely suppression of evidence waives any objections to its admission. Fed.R.Crim.P. 12. See United States v. Gonzales, 749 F.2d 1329, 1336 (9th Cir.1984). Although Fed.R.Crim.P. 12 allows the district court to grant relief from the waiver for "cause shown," such relief is discretionary and the court's decision is entitled to a high degree of deference. See United States v. Booker, 952 F.2d 247, 249 (9th Cir.1991) (per curiam). Here, Salazar failed to raise the suppression of evidence issue in a timely manner pursuant to the court's pre-trial motion schedule and Fed.R.Crim.P. 12. The court's subsequent refusal to suppress evidence was not an abuse of discretion. Booker, 952 F.2d at 249.
 
 
 4
 A claim of ineffective assistance of counsel should be raised via collateral attack on the conviction under 28 U.S.C. § 2255, United States v. Birges, 723 F.2d 666, 670 (9th Cir.1984), cert. denied, 466 U.S. 943 (1984); United States v. Laughlin, 933 F.2d 786, 788-89 (9th Cir.1991), unless " 'the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel' and 'the trial court's failure to take notice sua sponte of the problem' amounted to plain error," Laughlin, 933 F.2d at 789 n. 1 (quoting United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987)). To prove ineffectiveness of trial counsel, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 5
 Here, the record does not reveal whether a timely pre-trial suppression motion would have been decided in Salazar's favor. Regarding the alleged defective stipulation, further inquiry into counsel's trial strategy is required before this court can decide whether counsel committed an error sufficient to support a claim of ineffective assistance of counsel. Thus, we cannot review Salazar's claim of ineffective assistance of counsel on direct appeal. See Birges, 723 F.2d at 670; Laughlin, 933 F.2d at 788-89.
 
 CONCLUSION
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and record per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3