967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Teodulo HERNANDEZ-ALVARADO, Defendant-Appellant.
 No. 90-10207.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 18, 1992.
 
 1
 Before FLETCHER, LEAVY and T.G. NELSON Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Teodulo Hernandez-Alvarado appeals his conviction and sentence, following jury trial, for conspiracy, distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to Anders v. California, 386 U.S. 738 (1967), Hernandez-Alvarado's counsel filed a brief which identified two possible issues for review: (1) whether the district court abused its discretion by admitting allegedly inaccurate English transcripts of tape-recorded Spanish conversations between Hernandez-Alvarado, his co-conspirators and a confidential informant ("CI") into evidence; and (2) whether the district court clearly erred by denying Hernandez-Alvarado's request for a two-level reduction of his offense level for acceptance of responsibility pursuant to section 3E1.1 of the United States Sentencing Guidelines ("Guidelines"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we grant counsel's request to withdraw and affirm the district court judgment.[1]
 
 
 4
 I. Use of Government-Prepared English Transcripts
 
 
 5
 Hernandez-Alvarado contends that the district court abused its discretion by allowing the jury to use government-prepared English transcripts as an aid in listening to tape-recorded Spanish conversations. This contention lacks merit.
 
 
 6
 We review for abuse of discretion a district court's decision to allow a jury to use written transcripts as an aid in listening to tape recordings. United States v. Booker, 952 F.2d 247, 249 (9th Cir.1991); United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 824 (9th Cir.) (Chen ), cert. denied, 471 U.S. 1139 (1985).
 
 
 7
 In determining whether government-prepared transcripts may be used by the jury as an aid in listening to tape recordings, we consider the following factors: (1) the district court's review of the transcript for accuracy; (2) the testimony of the agent who participated in the taped conversation as to the accuracy of the transcript; and (3) whether a limiting instruction was given to the jury. Booker, 952 F.2d at 249; Chen, 754 F.2d at 824.
 
 
 8
 Here, although the district court did not give a limiting instruction, it reviewed the transcripts and tapes during the trial. Second, the district court allowed Hernandez-Alvarado's bilingual counsel to challenge the accuracy of the transcripts and propose alternative translations and/or transcripts. Counsel did not find any substantial differences between the transcripts and tapes. Third, the bilingual informant, who participated in the conversation with Hernandez-Alvarado, and a Federal Bureau of Investigation language specialist, who prepared the transcript with the assistance of the informant, both testified as to the accuracy of the transcripts and were cross-examined by defense counsel. Fourth, Hernandez-Alvarado's counsel argued the content and meaning of the conversations in his closing argument. Finally, the Spanish tapes and English transcripts were admitted into evidence to allow the jury to make comparisons.
 
 
 9
 In light of the record, we hold that the district court did not abuse its discretion by allowing the jury to use the transcripts in the manner it did. See Booker, 952 F.2d at 250; Chen, 754 F.2d at 824; see also United States v. Carrasco, 887 F.2d 794, 806 (7th Cir.1989) (district court properly admitted English translation of taped Spanish conversations where defendant failed to show an inaccuracy or present an alternative transcript).
 
 II. Acceptance of Responsibility
 
 10
 Whether or not a defendant has accepted responsibility for his crime is a factual determination we review for clear error. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991).
 
 
 11
 "The Guidelines allow a two-level reduction in the defendant's total offense level if the 'defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct.' " United States v. Brady, 928 F.2d 844, 847 (9th Cir.1991) (quoting U.S.S.G. § 3E1.1(a)). A defendant must sincerely manifest remorse or contrition to receive a reduction for acceptance of responsibility. Ramos, 923 F.2d at 1360 (defendant's minimalist description of his involvement in the offense not sufficient for downward adjustment); see also United States v. Skillman, 922 F.2d 1370, 1378-79 (9th Cir.1990) (defendant who continues to claim innocence after conviction not entitled to downward adjustment), cert. denied, 112 S.Ct. 353 (1991).
 
 
 12
 Here, Hernandez-Alvarado was indicted for participation in a cocaine distribution conspiracy. At jury trial, his defense was that he was present during the cocaine transaction at his apartment, but he did not participate. Following his conviction, Hernandez-Alvarado told the probation officer that he participated in the offenses, but downplayed his role. The presentence report ("PSR") recommended that he not receive a two-level reduction for acceptance of responsibility.
 
 
 13
 The district court was presented with the PSR and Hernandez-Alvarado's written objections to the PSR, gave Hernandez-Alvarado an opportunity to argue at sentencing why he should receive a two-level reduction for acceptance of responsibility, and implicitly adopted the PSR's recommendation. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990). The district court's finding was sufficient, see id., and it did not clearly err by determining that Hernandez-Alvarado was not entitled to a two-level downward adjustment for acceptance of responsibility, see Ramos, 923 F.2d at 1360-61; Skillman, 922 F.2d at 1379.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review