105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ermenegildo ARREOLA-ARMENTA; Hermenegildo Arreola-Armenta,
Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hermenegildo ARREOLA-ARMENTA, Defendant-Appellant.
 No. 93-50231, 94-50209.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated appeal, Hermenegildo Arreola-Armenta appeals his jury conviction for conspiracy to possess and distribute heroin, distribution of heroin and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Expert Testimony
 
 
 4
 Arreola-Armenta first contends that the district court improperly restricted the testimony of a defense witness, psychologist Jose La Calle. We disagree.
 
 
 5
 "The district court has wide latitude to exclude expert testimony." United States v. Sinigaglio, 942 F.2d 581, 584 (9th Cir.1991). The Federal Rules of Evidence prohibit experts from testifying as to whether the defendant did or did not have the requisite intent to commit a specific crime. Fed.R.Evid. 704(b); United States v. Juvenile Male, 864 F.2d 641, 648 (9th Cir.1988). In addition, expert testimony should not invade the province of the jury or "address matters within the understanding of the average juror." United States v. Rahm, 993 F.2d 1405, 1412 (9th Cir.1993). Finally, "[e]xpert testimony is inappropriate to bolster the credibility of the defendant." United States v. Ravel, 930 F.2d 721, 726 (9th Cir.1991).
 
 
 6
 Here, the district court did not allow La Calle to testify (1) whether Arreola-Armenta was the type of person that would have committed the crime or behaved in a manner atypical of a drug dealer; (2) to the version of events that Arreola-Armenta and his family gave La Calle; (3) on the ultimate issue of whether Arreola-Armenta was induced, entrapped or coerced on this particular occasion; and (4) whether La Calle believed Arreola-Armenta.
 
 
 7
 The district court did allow La Calle to testify that (1) "given [Arreola-Armenta's] personality makeup, he is easily induced to entrapment;" (2) Arreola-Armenta completed less than two years of primary school and is of below average intelligence; (3) Arreola-Armenta was suffering from a major depression; (4) that Arreola-Armenta had stated that he was forced to commit the offense after he and his family were threatened and had recurring fears for the safety of his family even after his arrest; (5) La Calle had taken steps to evaluate the truthfulness and to corroborate Arreola-Armenta's story and that Arreola-Armenta exhibited "remarkable consistence [sic]." In addition, La Calle testified that Arreola-Armenta was a passive dependant personality type and that:
 
 
 8
 [a] passive-dependant personality subject is a person that has very little initiative of his own. He is more of a follower than a leader. He's a person that prefers and feels more comfortable taking orders than deciding for himself.... [and] has a great need for acceptance and for reassurance, because he has some inferiority feelings, some insecurity feelings, and depends on somebody else for reassurance.... [Arreola-Armenta] is a nonaggressive.... is a person that is easily intimidated and easily fooled, if you want by threats or by plans that normal, ordinary people will not be fooled or will not be threatened by. He is very gullible, if you want."
 
 
 9
 La Calle also testified that Arreola-Armenta's wife, sister, and two daughters all saw a "radical, very drastic change" in Arreola-Armenta's behavior and that Arreola-Armenta had given up a two-bedroom apartment for a more expensive one-bedroom apartment because it was across the street from the police station. La Calle testified in his "professional opinion that [Arreola-Armenta] was providing me with the truth."
 
 
 10
 Given these circumstances, the district court did not abuse its discretion by limiting La Calle's testimony. See Sinigaglio, 942 F.2d at 584.
 
 II
 English Translations
 
 11
 Arreola-Armenta next contends that the district court erred when it admitted English transcriptions of two Spanish tape recordings because their accuracy could not be determined and because there was an insufficient foundation for admission. These contentions lack merit.
 
 
 12
 "The use of transcripts as an aid in listening to tape recordings is reviewed for abuse of discretion." United States v. Armijo, 5 F.3d 1229, 1234 (9th Cir.1993). In reviewing whether tapes were properly admitted, this court looks to: (1) whether the court reviewed the accuracy of the transcript; (2) whether the defense was allowed to highlight alleged discrepancies and introduce alternative translations; (3) whether the defense was allowed to cross-examine the translator; and (4) whether a cautionary instruction was given. Id. However, these factors do not fully apply when the tape is not in English. Id. (holding that court need not review the transcript when tape was in Spanish).
 
 
 13
 Here, defense counsel had the transcriptions for over a month but nevertheless expressly declined to introduce an alternative translation. Id.; see also United States v. Booker, 952 F.2d 247, 250 (9th Cir.1991) ("Defense counsel was aware of the existence of the tapes approximately one month before trial and had ample opportunity to review them and make her own transcripts."). In addition, defense counsel was allowed to cross-examine both Agent Reynoso, who had transcribed the tapes, and Fanny Kraiem, who translated the transcripts from Spanish to English. Armijo, 5 F.3d at 1235. Furthermore, an instruction that the tape, not the transcription, was evidence would be meaningless because the tape was in Spanish.
 
 
 14
 Moreover, the record reveals that the prosecution laid an adequate foundation for admission of the tapes. Agent Reynoso testified that when he recorded the conversations with Arreola-Armenta, he sat next to the confidential informant and listened to the conversations as they were taped. Reynoso testified that he spoke Spanish, that he transcribed the tape, that he reviewed the transcript for accuracy and that it was "a true accurate verbatim transcript." Next, Fanny Kraiem testified that (1) she had been a court interpreter for ten years; (2) she had translated the Spanish transcripts into English; and that her translation was "a true and correct and accurate translation from the Spanish to the English." In addition, defense counsel was allowed to cross-examine both Reynoso and Kraiem.
 
 
 15
 Given these circumstances, the district court did not abuse its discretion by admitting the tapes. See id.
 
 III
 
 16
 Disclosure of the Confidential Informant's Birthdate
 
 
 17
 Arreola-Armenta also contends that the district court abused its discretion when it denied Arreola-Armenta's motion to require the government to turn over the birthdate of the confidential informant. We reject his contention because we have already held that the district court did not abuse its discretion by denying this motion in Arreola-Armenta's codefendant's appeal, United Stated v. Garcia-Escobar, No. 93-50226 (9th Cir. Sept. 12, 1994) (unpublished memorandum disposition). See United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991) (The "law of the case doctrine [is] applicable when the appeal of one co-defendant is decided prior to the appeal of the other co-defendant, if both were convicted at the same trial.").
 
 
 18
 Accordingly, Arreola-Armenta's conviction is
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3