111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Ryan SASS, Defendant-Appellant.
 No. 96-50165.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided April 8, 1997.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The district judge did not abuse his discretion in admitting Dr. Kalish's testimony. The reason is that the defense had previously elicited testimony from its own medical expert that "Mr. Sass is unable to determine the rightness or wrongness of a course of action, and that's a by-product of his organic brain damage and it's made worse by his personality--the personality diagnosis that he would be given of dependent and schizoid." The previously elicited defense testimony was of the sort prohibited by Federal Rule of Evidence 704(b). Because appellant did not object to the government's rebuttal testimony, equally violative of Federal Rule of Evidence 704(b), we review only for plain error, under Federal Rule of Criminal Procedure 52(b). There was no plain error, despite the 704(b) violation, because of the doctrine variously labeled "opening the door," "fighting fire with fire," and "curative admissibility." United States v. Kessi, 868 F.2d 1097, 1108 (9th Cir.1989).
 
 
 4
 Nor can we conclude that the district judge abused his discretion in allowing the jury to look at the transcripts and listen to those tapes which were inaudible. The judge gave a proper admonition to the jury that the tape recordings, not the transcripts, were the evidence they had to consider in their deliberations, and the agent who participated in the conversations and the preparation of the transcript also testified to their accuracy. See United States v. Booker, 952 F.2d 247, 249-50 (9th Cir.1991). There was no abuse of discretion.
 
 
 5
 Sass did not object to the government witness instruction at trial, so we only review it for plain error. United States v. Harper, 33 F.3d 1143, 1150 (9th Cir.1994). Cool v. United States, 409 U.S. 100 (1972), is distinguishable. There, the testimony erroneously subjected to the instruction exonerated the defendant; here, the testimony had little or no relevance to the only defense presented, insanity. Also, in Cool, the instruction itself was erroneous; here the instruction was correctly worded, but in the circumstances, should not have been given.
 
 
 6
 We do not decide Sass's ineffective assistance of counsel claim. Such claims are ordinarily reserved for habeas corpus proceedings. United States v. Bauer, 75 F.3d 1366, 1379 (9th Cir.1996).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge, for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3