**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Craig Clark WIRSING and Arthur Robert Lenz, Defendants–Appellants.**

**Nos. 87–1184, 87–1192.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 1988.

Decided Feb. 13, 1989.

---

Fred Gibson, III, N. Patrick Flanagan, III, Reno, Nev., for defendants-appellants.

Brad Simon, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before FERGUSON and LEAVY, Circuit Judges, and WILSON,[1] District Judge.

WILSON, District Judge:

Defendants Craig Clark Wirsing and Arthur Robert Lenz appeal their criminal convictions, contending that the district court erred in not granting their motions to dismiss for violation of the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). In particular, appellants challenge various rulings excluding time from Speedy Trial Act calculation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

A complaint was filed against appellants, Donna Lee Anderson and Floyd Kermit Bowers, on July 14, 1986. All four defendants were subsequently indicted on July 22, 1986 for violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute marijuana). They were arraigned on July 24, 1986 and trial was set for September 9, 1986.[2]

On September 2, a First Superseding Indictment (the "second indictment") was filed against the same four defendants. The second indictment contained seven counts, including the previous charge for violation of 21 U.S.C. § 846. The other six counts charged various defendants with crimes related to their drug activity.[3]

On September 4, the district court, by minute order, vacated the September 9 trial date. The court's order also indicated that

---

1. The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation.

2. This appeal involves the period between July 14, 1986 and March 30, 1987. Accordingly, all dates referred to herein between July and December refer to 1986 and all dates between January and March refer to 1987.

3. The second indictment's seven counts were as follows:
Count I: conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 against all four defendants;
Count II: possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) against all four defendants;

Count III: interstate transportation in aid of racketeering in violation of 18 U.S.C. § 1952(a)(1) and (3) against all four defendants;
Count IV: intentional use of a telephone communication facility to distribute marijuana in violation of 21 U.S.C. § 843(b) against Wirsing;
Count V: intentional use of a telephone communication facility to distribute marijuana in violation of 21 U.S.C. § 843(b) against Wirsing and Lenz;
Count VI: possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) against Lenz;
Count VII: accessory to a felony against Lenz in violation of 18 U.S.C. § 3 against Lenz.

the magistrate would reset the trial date when the defendants were arraigned on the second indictment. That occurred on September 12, with trial set for October 28, 1986.

Both the court and the magistrate issued orders excluding time related to the filing of the second indictment. The district court ordered excluded an unspecific amount of time pursuant to 18 U.S.C. § 3161(h)(6); the magistrate ordered excluded the time consumed in setting a new trial pursuant to 18 U.S.C. § 3161(h)(8)(A).

The defendants thereafter began filing pretrial motions. Lenz filed the first motion on September 18, seeking review of the magistrate's order denying his request for pretrial release. The next day, the district court affirmed the magistrate's pretrial detention order. Then, on September 24, Wirsing filed the first motion addressing the merits of the case—a motion to dismiss the indictment against him because of government misconduct. The defendants subsequently filed numerous motions between September 26 and October 2.[4] Those motions remained unresolved until January 16, 1987.

On October 15, the Government moved for an extension of time for responding to defendants' pretrial motions. The Court granted that motion, ordering the Government to file its responses by October 21. The Government instead filed a Second Superseding Indictment (the "third indictment") on October 22. The third indictment did not raise any new charges; rather, it added a new defendant, Patrick Hubert Conway, to the pending charges.[5]

The original four defendants were arraigned on the third indictment on October 28. On that date, the magistrate set trial on the third indictment for December 23. On October 31 and November 3, Lenz and Wirsing, respectively, moved to dismiss all

of the indictments against them based upon violation of the Speedy Trial Act's seventy-day limitations period. The district court denied Lenz and Wirsing's motions, finding that the speedy trial clock restarted for all defendants when Conway was joined in the third indictment. The appellants did not renew their Speedy Trial Act challenges prior to trial, which ultimately began on January 27.

## DISCUSSION

### I  Standard of Review

Speedy Trial Act rulings are reviewed under two standards. Factual findings are reviewed for "clear error" and questions involving legal standards are reviewed de novo. United States v. Henderson, 746 F.2d 619, 622 (9th Cir.1984), aff'd, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986); United States v. Nance, 666 F.2d 353, 356 (9th Cir.), cert. denied, 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982).

### II  Time Frame Relevant to this Appeal

Under the Speedy Trial Act, a defendant must be brought to trial within seventy days after the latter of the filing of the indictment or an appearance by the defendant before a judicial officer. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act mandates dismissal of the indictment upon defendant's motion if the seventy day limitations period is exceeded. 18 U.S.C. § 3162(a)(2). In making this determination, the court must first ascertain when the seventy-day clock began running. Because appellants appeared before a magistrate the day they were arrested (July 14), their clocks commenced running when the original indictment was returned on July 22. United States v. Haiges, 688 F.2d 1273, 1274 (9th Cir.1982). The period between the filing of the complaint and return of the indictment—July 14 through July

---

**4.** Specifically, the following motions were filed:
   September 26: Bowers' motion for severance and motion to dismiss;
   September 30: Wirsing's motion for severance and motion for a James hearing;
   October 2: Lenz' motion for severance and motions to dismiss particular counts of the indictment.

**5.** Conway was charged in Counts I and III. He was a fugitive when the third indictment was issued and was not apprehended and brought before the court at any time relevant herein. The court, accordingly, severed his trial on December 18. He was finally arrested on March 9, 1988. He was arraigned on March 30 with his trial set for June 9.

21,[6]—is not counted towards the seventy-day period. In addition, the date the indictment was returned, July 22, is not factored into the speedy trial calculation. *United States v. Van Brandy*, 726 F.2d 548, 550 (9th Cir.1984), *cert. denied*, 469 U.S. 839, 105 S.Ct. 139, 83 L.Ed.2d 79 (1984). Accordingly, the first day countable against appellants' clocks is July 23.

In ruling on a motion to dismiss an indictment for failure to comply with the Speedy Trial Act, a court need only consider alleged delay which occurs prior to and including the date on which the motion is made. The right to challenge any subsequent delay is waived absent the bringing of a new motion to dismiss. *United States v. Berberian*, 851 F.2d 236, 239–40 (9th Cir.1988). Here, Lenz and Wirsing filed their motions to dismiss the indictments on October 31 and November 3, respectively. Therefore, the Speedy Trial Act was violated if more than seventy days of non-excludable time lapsed between July 23 and the filing of each motion. Because this time frame spans 101 days for Lenz and 104 for Wirsing, thirty-one days and thirty-four days of those periods, respectively, must be excludable in order for there to have been no Speedy Trial Act violation.

III *Excludable Time for Pretrial Motions*

Appellants argue that time consumed by certain pretrial motions should not have tolled the speedy trial clock.[7] This contention is without merit. Time consumed by pretrial motions is automatically excluded from the seventy-day limitations period. 18 U.S.C. § 3161(h)(1)(F). Specifically, section 3161(h)(1)(F) excludes the period "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" *United States v. Arkus*, 675 F.2d 245, 247 n. 3 (9th Cir.1982); *Furlow v. United States*, 644 F.2d 764, 768 (9th Cir.), *cert. denied*, 454 U.S. 871, 102 S.Ct. 340, 70 L.Ed.2d 175 (1981). It is also well settled that a pretrial motion filed by one defendant affects all defendants. 18 U.S.C. § 3161(h)(7); *see, e.g., United States v. Van Brandy*, 726 F.2d at 551; *United States v. Stafford*, 697 F.2d 1368, 1372 (11th Cir.1983).

In this case, the first of several pretrial motions was filed on September 18. Appellants maintain that portions of the time during which these motions were pending are not properly excludable. Their contentions may be briefly summarized. First, they argue that section 3161(h)(1)(F) does not cover time attributable to pretrial detention review motions. Second, appellants contend that since all motions filed prior to October 22 were found to be moot,[8] they cannot toll the seventy-day Speedy Trial period.

A. *Application of Section 3161(h)(1)(F) to Pretrial Motions for Detention Review*

■ Appellants first attack the propriety of excluding days for motions dealing with detention review. Lenz' detention review motion was pending on September 18 and 19.

This court has not decided whether section 3161(h)(1)(F) covers such motions. However, the Fifth and Sixth Circuits, the only courts to address the issue, have found them to be excludable. *See United*

---

**6.** All periods referenced herein are inclusive. For example, the period *between* December 1 and December 31 includes both December 1 and December 31.

**7.** Appellants make several additional arguments in this appeal. However, our determination that the 70 day limitations period had not expired when appellants filed their motions to dismiss the indictments obviates the necessity of addressing these additional arguments.

**8.** Both parties list October 21 as the day on which the motions were mooted, relying on the district court's December 5 order. That order is not contained in the excerpt of record, but the date purportedly corresponds to that of the third indictment. Yet, the official court docket in the record indicates that the third indictment was actually filed on October 22. The court docket must stand as the official record. Thus, for purposes of Speedy Trial calculations, the correct date of October 22 will be used. Where the parties contentions are discussed in this opinion, they will be altered to reflect the correct date of October 22.

*States v. Castellano,* 848 F.2d 63, 65 (5th Cir.1988) (defendant's motion); *United States v. Bowers,* 834 F.2d 607, 609 (6th Cir.1987) (government's motion). Similarly, all courts deciding the issue have held analogous bond review motions excludable. *United States v. Savoca,* 739 F.2d 220, 223 (6th Cir.1984), *cert. denied,* 474 U.S. 852, 106 S.Ct. 153, 88 L.Ed.2d 126 (1985) (22 days); *United States v. Severdija,* 723 F.2d 791, 793 (11th Cir.1984) (1 day). Further, nothing in the legislative history suggests this court should reach a contrary result. H.R.Rep. No. 1508, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. CODE CONG. & AD. NEWS 7401, 7414–15; A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* (Fed. Judicial Center 1980). Accordingly, the two days consumed by Lenz's detention review motion are properly excluded.

### B. *Effect of Moot Motions on Speedy Trial Act Calculations*

On December 5 the district court ruled that all pending motions were rendered moot on October 22 when the third indictment was filed.[9] As a result, appellants argue that the entire time during which the motions were pending is nonexcludable. Essentially, they submit that the district court's December 5 ruling should be given a *nunc pro tunc* effect, thereby mooting the motions as of the date they were filed and rendering them irrelevant to any Speedy Trial Act calculations. Appellants cite no authority for their proposition equating mootness with nonexistence, and conceptually, there is no reason to give retroactive effect to the ruling.

Furthermore, appellants' argument is belied by the record. The court ultimately ruled on the very motions appellants contend never existed.[10] Additionally, on December 18, the court purportedly reinstated various pretrial motions. Thus, the record supports the conclusion that at most, the motions were merely rendered inactive on October 22. Therefore, the time prior to

and including this date was properly excluded under 18 U.S.C. § 3161(h)(1)(F).

### CONCLUSION

In sum, the twenty-nine day period from September 24, when Wirsing's motion to dismiss due to government misconduct was filed, through October 22, and the two-day period during which Lenz's pretrial detention review motion was pending, for a total of thirty-one days, are excludable. Thus, as to Lenz, the Speedy Trial Act was not violated, since these thirty-one excludable days reduce his total elapsed time to seventy days—just meeting the seventy-day deadline.

Nor were appellant Wirsing's rights under the Speedy Trial Act violated. As explained above, a pretrial motion filed by one defendant affects all defendants. 18 U.S.C. § 3161(h)(7). Accordingly, Lenz's October 31 motion to dismiss tolled the clock as to Wirsing. The period from October 31 until Wirsing's own November 3 motion provides an additional four excludable days. Thus, taking into account the thirty-one days applicable to both appellants, Wirsing's calculations are subject to thirty-five excludable days. Since Wirsing started with a maximum of 104 days between the date of arraignment and his November 3 motion, the thirty-five excludable days brings his pre-trial period to sixty-nine days, one less than the Speedy Trial maximum.

Since the seventy-day limitations period had not been exceeded when each defendant moved to dismiss the indictments for violation of the Speedy Trial Act, the district court properly denied the motions to dismiss.

### AFFIRMED.

---

9. *See* footnote 8, *supra.*

10. Wirsing's September 24 motion to dismiss the first and second indictments was denied on January 16.