996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Florencio GOMEZ, Defendant-Appellant.
 No. 92-30494.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 Before: CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Florencio Gomez appeals his conviction following a conditional guilty plea to possession and attempt to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Gomez contends that the district court erred by denying his motion to dismiss the indictment for violating his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review Speedy Trial Act rulings under two standards; "[f]actual findings are reviewed for 'clear error' and questions involving legal standards are reviewed de novo." United States v. Wirsing, 867 F.2d 1227, 1229 (9th Cir.1989) (citation omitted).
 
 
 4
 "Under the Speedy Trial Act, a defendant must be brought to trial within seventy days after the latter of the filing of the indictment or an appearance by the defendant before a judicial officer." Id. (citing 18 U.S.C. § 3161(c)(1)). "The Speedy Trial Act mandates dismissal of the indictment upon defendant's motion if the seventy-day limitations period is exceeded." Id. (citing 18 U.S.C. § 3161(a)(2)). In calculating when the limitations period expires, the court must first determine when the seventy-day clock began running. Id. Because Gomez and Antonio appeared before a magistrate on April 2, 1992, the day they were arrested, their clocks began running when the indictment was returned on April 22, 1992, rather than the arraignment date on April 30, 1992. See id. (citing United States v. Haiges, 688 F.2d 1273, 1274 (9th Cir.1982)). The period between the filing of the complaint and return of the indictment, April 2 through April 22, is not counted towards the seventy-day period. See id. at 1229-30. In addition, the date the indictment was returned, April 22, is not factored into the speedy trial calculation. See id. at 1230. The first day countable against Gomez' speedy trial clock is April 23. See id.
 
 
 5
 Time consumed by pretrial motions is automatically excluded from the seventy-day limitations period. See 18 U.S.C. § 3161(h)(1)(F). Section 3161(h)(1)(F) provides that the period "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded. See Wirsing, 867 F.2d at 1230 (citations omitted). "It is also well settled that a pretrial motion filed by one defendant affects all defendants." Id. (citing 18 U.S.C. § 3161(h)(7)).
 
 
 6
 "In ruling on a motion to dismiss an indictment for failure to comply with the Speedy Trial Act, a court need only consider alleged delay which occurs prior to and including the date on which the motion is made." Id. "The right to challenge any subsequent delay is waived absent the bringing of a new motion to dismiss." Id. (citing United States v. Berberian, 851 F.2d 236, 239-40 (9th Cir.1988)).
 
 
 7
 On June 30, 1992 the government moved for continuance of the trial date based on conflicts with government counsel's trial schedule and the unavailability of witnesses. Gomez objected. The district granted the continuance, finding that it constituted excludable delay under 18 U.S.C. § 3161(h)(8). The new trial date was set for November 12, 1992.
 
 
 8
 Gomez now contends that the continuance violated the Speedy Trial Act because the government did not make a sufficient showing that the witnesses were unavailable when it moved for a continuance of the trial date. This contention is meritless because other pending motions had interrupted the running of the speedy trial clock.
 
 
 9
 The time frame for Gomez spans 117 days, from April 23, 1992 the date of the indictment to August 17, 1992, the date on which Gomez filed his motion to dismiss for violation of the Speedy Trial Act. At least forty-seven days of this period must be excludable in order to avoid a Speedy Trial Act violation. See id. An excludable period commenced on May 15, 1992 when Gomez' codefendant, Antonio, filed a motion requesting discovery. This motion had not been determined at the time Gomez made his dismissal motion. The defendants filed numerous other pretrial motions between May 15, 1992 and August 17, 1992.[1] Twenty-three days of the speedy trial clock elapsed between April 23, 1992 and May 15, 1992. Antonio's pretrial motion requesting discovery automatically tolled the speedy trial clock until its disposition. See id. Forty-seven days remained on Gomez' speedy trial clock at the time he filed his motion to dismiss. On September 16, 1992 the court denied Gomez' motion to dismiss. At that time he withdrew his motion to suppress filed on June 29, 1992, however he did not withdraw or ask for disposition of the other outstanding motions. On September 25, 1992 Gomez pleaded guilty to the charges.
 
 
 10
 Because only twenty-three days had lapsed at the time Gomez filed his motion to dismiss, the seventy-day limitations period had not been exceeded. See id. We similarly find no violation of the Sixth amendment. The district court properly denied the motion to dismiss. Id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, the following motions were filed:
 May 21, 1992: Gomez' motion requesting the production of preliminary hearing tapes. The court granted this motion on May 28, 1992. This tolled the speedy trial clock for seven days.
 May 21, 1992: Joint motion to compel discovery. The court has not ruled on this motion.
 June 3, 1992: Antonio's motion to suppress evidence. The court has not ruled on this motion.
 June 8, 1992: Antonio's motion for a continuance. The court granted this motion on June 9, 1992. This tolled the speedy trial clock for one day.
 June 11, 1992: Gomez' motion for substitution of counsel. The court granted this motion on June 12, 1992. This tolled the speedy trial clock for one day.
 June 29, 1992: Gomez' motion to suppress tape of video surveillance. This motion was subsequently withdrawn.