141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Johnny QUINONES-RUIZ, Defendant-Appellant.
 No. 97-50349.
D.C. No. CR-96-01993-HBT.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the Southern District of California, Howard B. Turrentine, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Johnny Quinones-Ruiz appeals his jury conviction for importation and possession of marijuana with the intent to distribute in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 3
 Quinones-Ruiz first contends that the district court erred by failing to declare a mistrial when the government introduced into evidence his post-arrest statement without first disclosing that statement in violation of Fed.R.Crim.P. 16(a)(1)(A). We disagree.
 
 
 4
 Under Rule 16(a)(1)(A), the government must disclose to criminal defendants upon request "the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial." Fed.R.Crim.P. 16(a)(1)(A) (1997). The sanctions imposed for failure to comply with discovery are within the discretion of the trial court. See United States v. Basinger, 60 F.3d 1400, 1407 (9th Cir.1995). We will reverse a conviction for a Rule 16 violation only if the district court's ruling was an abuse of discretion and the error was prejudicial to the defendant's substantial rights. See id. The prejudicial showing is "a likelihood that the verdict would have been different had the government complied with the discovery rules." United States v. Figueroa-Lopez, 125 F.3d 1241, 1247 (9th Cir.1997) (internal quotations omitted).
 
 
 5
 There was a Rule 16 violation when Agent Nickerson testified about Quinones-Ruiz's statement "this is a set-up. I'm being set up just like I was last time." Quinones-Ruiz has failed to show, however, that his substantial rights were violated by the district court's failure to declare a mistrial because of the discovery violation. See id. Even if Quinones-Ruiz had been aware of the "set-up" statement before trial and had moved to exclude it, there was overwhelming evidence of his guilt, including the observations of the immigration inspectors and Quinones-Ruiz's statements about who owned the van and that he "would just do his time in jail." See id. Therefore, the district court did not abuse its discretion by failing to declare a mistrial. See Basinger, 60 F.3d at 1407.[1]
 
 
 6
 Quinones-Ruiz next contends that the district court erred by denying his motion to dismiss the indictment because he was not brought to trial within seventy days of the filing of the indictment in violation of the Speedy Trial Act, 18 U.S.C § 3161(c)(1). This contention lacks merit because "[t]ime consumed by pretrial motions is automatically excluded from the seventy-day limitations period." United States v. Wirsing, 867 F.2d 1227, 1230 (9th Cir .1989); 18 U.S.C. § 3161(h)(1)(F) (1997).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that the record does not support Quinones-Ruiz's allegation that the government acted in bad faith by withholding the statement and then "ambushing" Quinones-Ruiz during trial