**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Christopher Dale BRIGGS,**
**Defendant—Appellant.**

No. 05–30620.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2006.*

Filed Aug. 17, 2006.

Lynne W. Lamprecht, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

C. Tom Arkoosh, Esq., Gooding, ID, for Defendant–Appellant.

Before: REAVLEY,** PREGERSON, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Defendant–Appellant Christopher Dale Briggs appeals his conviction under 18 U.S.C. § 922(g)(8) for unlawfully possessing a firearm as a person subject to a restraining order. He contends that the conviction should be vacated due to a violation of the Speedy Trial Act. We have jurisdiction under 28 U.S.C. § 1291. For the reasons set forth below, we affirm the judgment of the district court. The facts are known to the parties and we do not recite them here.

The district court did not err in concluding that Briggs's Speedy Trial rights were not violated. Although the number of days from Briggs's December 2, 2004, arraignment until his plea agreement was entered on June 19, 2005, well exceeds the time period allotted by the Speedy Trial Act, there was no violation because only forty-two nonexcludable days ran on Briggs's speedy trial clock.

After Briggs's arraignment, eleven days ran before his attorney's motion to with-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

draw tolled the clock. *See United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004). When Briggs's new attorney was formally appointed on January 6, 2005, the clock began to run again for thirty-one additional days. On February 7, 2005, the speedy trial clock was tolled because the court granted Briggs's motion to continue the trial until April 4, 2005. *See* 18 U.S.C. § 3161(h)(8)(A). During that continuance, Briggs filed motions to suppress and dismiss, on which hearings were later scheduled. Thus the pending motions automatically excluded all the days through June 6, 2005, when the district court denied Briggs's motion to dismiss. *See Henderson v. United States*, 476 U.S. 321, 329–30, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). After that denial, no other delays are appealable. *See United States v. Wirsing*, 867 F.2d 1227, 1230 (9th Cir. 1989).

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.