**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> HENRY PANGILINAN FRESNOZA, <br><br> Defendant - Appellant. | No. 12-10533 <br><br> D.C. No. 1:10-cr-00028-FMTG-3 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted February 18, 2014[**]
Honolulu, Hawai'i

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Henry Pangilinan Fresnoza ("Fresnoza") appeals from a judgment of

conviction following a jury trial on the basis that it was obtained in violation of the

Speedy Trial Act, 18 U.S.C. § 3161.  A jury in the District of Guam found

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fresnoza guilty of conspiracy to distribute methamphetamine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 960; conspiracy to import and importation of methamphetamine hydrochloride, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 846, 952, and 960; and four counts of money laundering, in violation of 18 U.S.C. §§ 2 and 1956(a)(2)(B)(i).

Approximately one and a half years elapsed between the filing of the initial indictment and Fresnoza's conviction. The Speedy Trial Act provides that trial in a criminal case "shall commence within seventy days" of the filing of an indictment. 18 U.S.C. § 3161(c)(1). However, exclusions to the seventy-day speedy trial clock apply. For example, and relevant to this appeal, time is automatically excluded from the speedy trial clock during the pendency of a pre-trial motion. 18 U.S.C. § 3161(h)(1)(D).

Fresnoza principally objects to the continuances the district court granted under the "ends of justice" exclusion to the Speedy Trial Act, which provides for the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of [the judge's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). To exclude time under this provision, the court must provide

2

"either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* The ends of justice provision enumerates several factors the court must consider in deciding whether to grant an exclusion, including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

We review the district court's factual findings for clear error and the application of the Speedy Trial Act de novo. *See United States v. Wirsing*, 867 F.2d 1227, 1229 (9th Cir. 1989). Although contemporaneously explaining the reasons for an ends of justice exclusion is the best practice, "[w]e have held that simultaneous 'ends of justice' findings are unnecessary so long as the trial court later shows that the delay was motivated by proper considerations." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000) (alterations and internal quotation marks omitted). In ruling on Fresnoza's motion to dismiss, the court showed that each "ends of justice" exclusion was motivated by proper considerations and that the court granted these exclusions after considering the factors delineated in § 3161(h)(7)(B). The court did not clearly err in providing the factual basis for granting the exclusions. On de novo review, we conclude that

3

fewer than 70 days ran on the speedy trial clock before Fresnoza was brought to trial. Accordingly, the Speedy Trial Act was not violated.

Fresnoza also appeals from his sentence arguing that he should not have received a separate sentence for the money laundering charges. However, he offers no support whatsoever for this proposition. There is no argument that the sentence was outside of the range suggested by the Sentencing Guidelines. The sentence was reasonable. Therefore, there was no sentencing error. *See United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006).

**AFFIRMED.**