**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0161-17T6

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EDWARD FORCHION, a/k/a
NJ WEEDMAN,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

September 13, 2017

APPELLATE DIVISION

Submitted August 28, 2017 – Decided September 13, 2017

Before Judges Messano, Manahan and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 17-02-00105.

John Vincent Saykanic, attorney for appellant.

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (John P. Boyle, Jr., Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

GILSON, J.A.D.

Defendant Edward Forchion has been detained in jail since early March 2017, in accordance with the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26. He contends that the time for his trial under the speedy trial provisions of the CJRA is

about to be reached. On leave granted, he appeals three orders that found a total of sixty-seven days of "excludable time," N.J.S.A. 2A:162-22(a), under the CJRA. We hold that our standard of review of the period to "be excluded in computing the time in which a case shall be indicted or tried" under N.J.S.A. 2A:162-22(b) is de novo. We also hold that we apply the traditional deferential standard of review to the trial court's factual findings concerning the amount of time excluded. Applying these standards, we affirm the orders that found sixty-seven days of excludable time.

We summarize the relevant facts and procedural history from the record. On February 28, 2017, defendant was indicted for second-degree and third-degree witness tampering, N.J.S.A. 2C:28-5(a). The indictment was sealed and a warrant issued. Prior to the issuance of the witness tampering indictment, defendant had been indicted on four drug charges and had been released pretrial.

On March 3, 2017, defendant was arrested on the witness tampering charges and, on March 6, 2017, the indictment was unsealed. The State moved for defendant's pretrial detention on the charges of witness tampering, and on March 7, 2017, the trial court granted that motion and ordered defendant detained.

Defendant appealed and we affirmed the trial court's detention order in an order issued on April 18, 2017. Defendant

sought reconsideration, but we denied that motion. In denying the motion for reconsideration, we stated that "[t]he denial is without prejudice to defendant moving before the Criminal Part to obtain discovery . . . and to move to reopen the detention hearing based on any material information contained within that discovery."

While defendant has been detained, three pretrial motions were filed and decided. First, on May 9, 2017, defense counsel filed a motion to withdraw. That motion was argued on May 19, 2017, and granted on May 22, 2017. Second, on June 9, 2017, defendant filed a motion to represent himself. That motion was granted on June 22, 2017. Third, on June 27, 2017, defendant filed a motion to reopen his detention hearing. Following multiple submissions by the State and defendant, that motion was argued on August 1, 2017, and denied on August 4, 2017. The court also issued a written opinion explaining the reasons for the denial of defendant's motion to reopen the detention hearing.[1]

On August 2 and 4, 2017, the trial court filed three orders, with accompanying written decisions, that excluded sixty-seven days to account for the time it took to resolve the three pretrial

---

[1] Defendant moved for leave to appeal the order denying his motion to reopen the detention hearing. We, however, denied that motion because defendant had already appealed his detention and he failed to make a material showing that there was new information warranting a reopening of the detention hearing.

motions. Consequently, those sixty-seven days were excluded for purposes of calculating the 180-day speedy trial period prescribed in the CJRA. See N.J.S.A. 2A:162-22(a)(2)(a). As a result, the date by which the State has to try, release, or again move to detain defendant moved from September 1, 2017, to November 6, 2017.[2]

On this appeal, defendant contends that the three periods of excludable time found by the trial court should not be counted against him "in the interests of justice." We disagree and affirm.

Eligible detained defendants are subject to the speedy trial provisions of the CJRA. Following a defendant's detention under the CJRA, the State generally has ninety days to indict defendant, N.J.S.A. 2A:162-22(a)(1)(a), and 180 days after the indictment to try defendant, N.J.S.A. 2A:162-22(a)(2)(a). Both periods allow for "excludable time" and for the State to move to continue detaining defendant provided the State can make certain showings. N.J.S.A. 2A:162-22(a)(1), (2).

Applicable here is N.J.S.A. 2A:162-22(a)(2)(a), which provides in pertinent part:

---

[2] We have calculated these dates from March 6, 2017, when the indictment was unsealed, in accordance with N.J.S.A. 2A:162-22(a)(2)(a) and Rule 3:25-4(c)(1). Calculating from that date, the initial 180-day period ended on September 1, 2017. Adding the sixty-seven days of excludable time brings the date to November 6, 2017.

> An eligible defendant who has been indicted shall not remain detained in jail for more than 180 days on that charge following the return or unsealing of the indictment, whichever is later, <u>not counting excludable time for reasonable delays as set forth in subsection b. of this section, before commencement of the trial</u>.
>
> [<u>Ibid.</u> (emphasis added).]

The statute goes on to state:

> If the trial does not commence within that period of time, the eligible defendant shall be released from jail unless, on motion of the prosecutor, the court finds that a substantial and unjustifiable risk to the safety of any other person or the community or the obstruction of the criminal justice process would result from the eligible defendant's release from custody, so that no appropriate conditions for the eligible defendant's release could reasonably address that risk, and also finds that the failure to commence trial in accordance with the time requirement set forth in this subparagraph was not due to unreasonable delay by the prosecutor.
>
> [<u>N.J.S.A.</u> 2A:162-22(a)(2)(a); <u>see also</u> <u>R.</u> 3:25-4(c)(1), (2) (setting forth the same deadline and procedure to be followed when trial is not commenced).]

The CJRA identifies thirteen periods that "shall be excluded" when computing the date by which trial must commence. <u>N.J.S.A.</u> 2A:162-22(b)(1)(a)-(m). These excludable periods are also set forth in <u>Rule</u> 3:25-4(i). Among those exclusions is the time from filing to the final disposition of a pretrial motion made by either the prosecutor or detained defendant. <u>N.J.S.A.</u> 2A:162-

22(b)(1)(c); R. 3:25-4(i)(3).  Also excluded are "other periods of delay not specifically enumerated if the court finds good cause for the delay," N.J.S.A. 2A:162-22(b)(1)(l), and "[a]ny other time otherwise required by statute."  N.J.S.A. 2A:162-22(b)(1)(m); accord R. 3:25-4(i)(12), (13).

As to excludable time relating to pretrial motions, Rule 3:25-4(i)(3) further provides:

> (A) If briefing, argument, and any evidentiary hearings required to complete the record are not complete within 60 days of the filing of the notice of motion, or within any longer period of time authorized pursuant to [Rule] 3:10-2(f), any additional time shall not be excluded.

> (B) Unless the [c]ourt reserves its decision until the time of trial, if the [c]ourt does not decide the motion within 30 days after the record is complete, any additional time during which the motion is under advisement by the [c]ourt shall not be excluded unless the court finds there are extraordinary circumstances affecting the court's ability to decide the motion, in which case no more than an additional 30 days shall be excluded.

> (C) If the [c]ourt reserves its decision on a motion until the time of trial, the time from the reservation to disposition of that motion shall not be excluded. When the court reserves a motion for the time of trial, the court will be obligated to proceed directly to voir dire or to opening statements after the disposition of the motion.

The CJRA has been in effect since January 1, 2017, and to date there are no New Jersey reported cases addressing excludable

6

time under the CJRA. Moreover, unlike many other states, New Jersey has not prescribed a specific time limit, consistent with constitutional standards, for prosecution of criminal offenses nor identified periods that must be excluded when calculating that deadline. State v. Cahill, 213 N.J. 253, 267-72 (2013). Instead, New Jersey courts resolve constitutional speedy trial claims by way of the four-factor analysis set forth by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101, 117 (1972). Cahill, supra, 213 N.J. at 271.

Here, defendant has not argued that his constitutional speedy trial rights have been violated. Instead, defendant relies exclusively on the speedy trial provisions of the CJRA. Accordingly, we look to an analogous federal statute for guidance in interpreting the speedy trial provisions of the CJRA.

"In many respects, the text of the [CJRA] follows the federal Bail Reform Act of 1984 [(federal Bail Reform Act)], 18 U.S.C.A. §§ 3141 to 3156 . . . ." State v. Robinson, 229 N.J. 44, 56 (2017). The New Jersey Legislature considered the federal Bail Reform Act when it drafted New Jersey's CJRA. Public Hearing on SCR-128 Before the S. Law & Pub. Safety Comm., 2014 Leg., 216th Sess. 2 (N.J. 2014) (statement of Sen. Donald Norcross, Chair, S. Law & Pub. Safety Comm.). Thus, relevant federal case law

interpreting the federal Bail Reform Act is instructive in interpreting the CJRA. State v. Ingram, ___ N.J. ___, ___ (2017) (slip op. at 24-25).[3]

The federal Bail Reform Act does not contain a speedy trial provision. Instead, the federal Speedy Trial Act of 1974 (federal Speedy Trial Act), 18 U.S.C.A. §§ 3161 to 3174, mandates that a defendant must be tried within seventy days from the later of the filing of the indictment or the date defendant appeared before a judicial officer. 18 U.S.C.A. § 3161(c)(1). The federal Speedy Trial Act also identifies periods of delay that "shall be excluded" in computing the time within which trial must commence, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C.A. § 3161(h)(1)(D).

Under the federal Speedy Trial Act, the excluded time includes both the day of the event giving rise to the exclusion and the last day of the exclusion. United States v. Novak, 715 F.2d 810, 813 n.6 (3d Cir. 1983), cert. denied, 465 U.S. 1030, 104 S. Ct. 1293, 79 L. Ed. 2d 694 (1984). On its face, the federal Speedy Trial Act does not require that the time taken to resolve a

---

[3] The Legislature also considered the District of Columbia's statutory scheme for pretrial detention, D.C. Code §§ 23-1321 to -1333. See State v. Robinson, supra, 229 N.J. at 56.

pretrial motion be "reasonably necessary" to be excludable, or that the motion itself be reasonably necessary. Henderson v. United States, 476 U.S. 321, 325-30, 106 S. Ct. 1871, 1874-77, 90 L. Ed. 2d 299, 305-08 (1986); United States v. Morales, 875 F.2d 775, 777 (9th Cir. 1989). Instead, the Act leaves the matter of excessive and abusive use of the exclusion to the federal courts to address through the adoption of appropriate rules. Henderson, supra, 476 U.S. at 327-28, 106 S. Ct. at 1875-76, 90 L. Ed. 2d at 307.

Types of pretrial motions to which the federal exclusion has been deemed applicable include: (1) motions to review pretrial detention determinations, see, e.g., United States v. Hohn, 8 F.3d 1301 (8th Cir. 1993), opinion vacated on other grounds, 524 U.S. 236, 118 S. Ct. 1969, 141 L. Ed. 2d 242 (1998); United States v. Wirsing, 867 F.2d 1227 (9th Cir. 1989); (2) motions to proceed self-represented, see, e.g., United States v. Willie, 941 F.2d 1384 (10th Cir. 1991), cert. denied, 502 U.S. 1106, 112 S. Ct. 1200, 117 L. Ed. 2d 440 (1992); and (3) motions by counsel to withdraw, see, e.g., United States v. Brock, 782 F.2d 1442 (7th Cir. 1986).

Factual findings under the federal Speedy Trial Act are reviewed for "clear error," while legal conclusions are reviewed de novo. United States v. Watkins, 339 F.3d 167, 171 n.2 (3d Cir.

A-0161-17T6

2003), <u>cert. denied</u>, 540 <u>U.S.</u> 1221, 124 <u>S. Ct.</u> 1505, 158 <u>L. Ed.</u> 2d 157 (2004); <u>Hohn</u>, <u>supra</u>, 8 <u>F.</u>3d at 1303; <u>Wirsing</u>, <u>supra</u>, 867 <u>F.</u>2d at 1229; <u>see also</u> <u>United States v. Willaman</u>, 437 <u>F.</u>3d 354, 357 (3d Cir. 2006) (an appellate court exercises "plenary review over the district court's application of the Speedy Trial Act"), <u>cert. denied</u>, 547 <u>U.S.</u> 1208, 126 <u>S. Ct.</u> 2902, 165 <u>L. Ed.</u> 2d 919 (2006).

Initially, we address our standards of review. The question of whether a particular period or motion is excludable under <u>N.J.S.A.</u> 2A:162-22(b) is a question of law that appellate courts review de novo. <u>See</u> <u>State v. Jones</u>, 224 <u>N.J.</u> 70, 85 (2016). In contrast, we apply a deferential standard of review to the fact-finding concerning the amount of excludable time. <u>State v. Brown</u>, 216 <u>N.J.</u> 508, 517 (2014). Thus, we will not disturb the trial court's findings as to the amount of excludable time so long as those findings are supported by "sufficient credible evidence in the record." <u>Ibid.</u>

Applying these standards here, we hold that the trial court correctly determined that the three motions were "motion[s] made before trial" within the meaning of <u>N.J.S.A.</u> 2A:162-22(b)(1)(c). Specifically, defense counsel's motion to be relieved, defendant's motion to represent himself, and defendant's motion to reopen the detention hearing were all motions subject to excludable time.

Accordingly, "[t]he time from the filing to the final disposition of [those] motion[s]" were required to be "excluded in computing the time in which [defendant's] case shall be . . . tried." N.J.S.A. 2A:162-22(b)(1)(c).

We defer to the trial court's findings concerning the amount of excludable time. There were sufficient facts in the record to support the trial court's finding that the three motions took a total of sixty-seven days from filing to final disposition by the trial court. Specifically, defense counsel filed a motion to withdraw on May 9, 2017, and that motion was decided on May 22, 2017——a period of fourteen days; defendant filed a motion to represent himself on June 9, 2017, and that motion was decided on June 22, 2017——a period of fourteen days; and defendant filed a motion to reopen his detention hearing on June 27, 2017, and that motion was decided on August 4, 2017——a period of thirty-nine days. As to the last motion, thirty-nine days are excludable because the briefing and argument on the motion were completed within sixty days of filing the notice of motion. See R. 3:25-4(i)(3)(A).

Finally, we note that the necessity of, and the merits of, the motions are not relevant on this appeal absent some abuse, which has not been argued or demonstrated here. Accordingly, "the interests of justice" do not support vacating the two orders of

11

August 2, 2017, and the one order of August 4, 2017, that address excludable time.  Instead, those orders are affirmed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0161-17T6