NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5648-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTOINE WILLIAMS,

     Defendant-Appellant.

_____

**APPROVED FOR PUBLICATION**

**December 2, 2019**

**APPELLATE DIVISION**

Argued October 29, 2019 – Decided  December 2, 2019

Before Judges Fisher, Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 18-02-0353 and 18-02-0354.

Joseph M. Mazraani argued the cause for appellant (Mazraani & Liguori LLP, attorneys; Joseph M. Mazraani, of counsel; Jeffrey S. Farmer, of counsel and on the briefs).

David Michael Liston, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney; Joie D. Piderit, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

Defendant was indicted for attempted murder and weapons offenses on February 23, 2018. He has been incarcerated since December 1, 2017. Under the Criminal Justice Reform Act, N.J.S.A. 2A:162-15 to -26, an incarcerated defendant is entitled to a speedy trial within a set period of time "not counting excludable time for reasonable delays." N.J.S.A. 2A:162-22(a)(2)(a). What constitutes excludable time is circumscribed by N.J.S.A. 2A:162-22(b) and Rule 3:25-4. We granted defendant's motion for leave to appeal to examine interlocutory orders that declared both the amount of excludable time warranted by certain pretrial motions and, of greater interest here, the range of dates during which that excludable time applied. Because the motion judge ran the excludable time periods back to back, and not in accordance with the unambiguous declarations in the Act and applicable court rule, we reverse and remand.

In particular, we examine orders granting excludable time arising from two pretrial motions, one filed by co-defendant Pinson and the other by the State. Pinson's suppression motion was filed on September 5, 2018, and decided on May 14, 2019,[1] while the State's joinder motion was filed on

---

[1] By way of another opinion also filed today, we reverse an order granting the suppression motion. See State v. Pinson, __ N.J. Super. __ (App. Div. 2019).

November 16, 2018, and decided on February 26, 2019. As these filing and disposition dates reveal, the motions overlapped; for a time – from November 16, 2018, to February 26, 2019 – both motions were pending simultaneously.

On January 9, 2019, the trial judge entered two orders. In one order, the judge allowed sixty days – from November 9, 2018, to January 7, 2019 – as excludable time for the State's joinder motion. In the other, the judge found forty-four days – from January 8, 2019, to February 20, 2019 – as excludable time for the suppression motion. By way of a later order, the judge allowed an additional forty-five days – from February 27, 2019, to April 12, 2019 – as additional excludable time for the suppression motion. In short, rather than declare that the excludable time periods commenced on each motion's filing date, the judge applied those periods in installments, not starting one until the other was completed.

Defendant's quarrel with these orders is not with the amount of time found excludable, but with the judge's stacking of the excludable time by disregarding that the motions were, for a while, pending at the same time. Stated another way, defendant argues that the statutory and rule-based fixing of excludable time for an eligible pretrial motion commences when the motion is "fil[ed]," as both N.J.S.A. 2A:162-22(b)(1)(c) and Rule 3:25-4(i)(3) declare. See also State v. Forchion, 451 N.J. Super. 474, 479 (App. Div. 2017).

A-5648-18T4

Defendant argues that these authorities do not allow for a reservation of excludable time that would have already run – but simultaneously with other excludable time – for a later date in order to extend a defendant's time in jail.

We agree with defendant. There is a dearth of case law on this subject, but that may only be because N.J.S.A. 2A:162-22(b)(1)(c) and Rule 3:25-4(i)(3) unambiguously command that the excludable time begins to run with the eligible pretrial motion's "filing" date. There can be no doubt about defendant's entitlement to relief from the orders under review; the filing of multiple, overlapping motions does not provide a trial court with the discretion to stack excludable time periods so as to prolong the time within which a defendant must be tried or released. See United States v. Rodriguez, 63 F.3d 1159, 1165 n.3 (1st Cir. 1995).

So, it is not surprising the State offers no contrary analysis of the applicable statutes and rules. Instead, the State contends that the judge declared this matter as a "complex" case, as if that designation absolves all error about excludable time. To be sure, on September 25, 2018, the judge entered an order that declared a period of excludable time from July 28, 2018 through November 8, 2018, based on a finding that "the case is a complex case." The State interprets this to mean that the purported complexity "obviates" all other excludable time issues and that whatever the judge did

with the excludable time periods here in question "is immaterial." While we have not been asked to consider the judge's recognition of the case as complex in her September 25, 2018 order, it doesn't matter. The judge then found that the matter's complexity justified a finding of excludable time only from July 28, 2018 through November 8, 2018. That determination has no bearing on the fixing of excludable time for the suppression or joinder motions even if the approximate last two months of the excludable time generated by the alleged complexity overlapped with the approximate first two months of the excludable time warranted by the suppression motion.[2]

In short, the applicable statute and rule make clear that the State does not get to bank an extra day of excludable time for every day of excludable time generated by multiple excludable events. If there are two reasons to exclude a given day from the period of time within which a defendant must be brought to trial or released, the trial court did not have the authority to provide the State with an extra day of excludable time at a later time.

\* \* \*

---

[2] In the graph appended, we compare the judge's stacking of the excludable time periods with the way these excludable time periods should have been sequenced. As can be seen, the judge's error mistakenly allowed the prosecution eighty-two more days of excludable time than permissible.

A-5648-18T4

The orders that declared the excludable time for the suppression motion commenced on any date other than its filing date – September 5, 2018 – are reversed. We remand for the entry of an order fixing that filing date as the start date of the excludable time for the suppression motion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5648-18T4

| July 2018 | Aug. 2018 | Sept. 2018 | Oct. 2018 | Nov. 2018 | Dec. 2018 | Jan. 2019 | Feb. 2019 | Mar. 2019 | Apr. 2019 |



Excludable Time per Trial Judge's Orders

Complex Order 104 days

Suppression Order 44 days

7/28 — 11/8 | 11/9 — 1/7 | 1/8 — 2/20 | 2/27 — 4/12

Joinder Order 60 days

Suppression Order 45 days

253 days



Excludable Time as Trial Judge Should Have Ordered

Complex Order 104 days

7/28 — 11/8

Suppression Order 89 days

9/5 — 12/2

Joinder Order 60 days

11/16 — 1/14

171 days

7